F I L E D
United States Court of Appeals
Tenth Circuit

AUG 15 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY LIN ALLEN,

      Plaintiff-Appellant,

v.

STEVEN MIDDLETON, R.O.P.E.
Squad; GARY MOORE, R.O.P.E.
Squad; GARY STANSIL, Detective -
Tulsa Police Department; JOHN DOE,
sued as: all other unknown/unnamed
"John Doe" defendants; VERNON
LESTER,

      Defendants-Appellees.

No. 00-5037

N.D. Okla.

(D.C. No. 98-CV-39-BU)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and appellate record, this panel has determined unanimously to honor the parties" request for decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Mr. Gregory Allen, proceeding pro se, appeals the district court's grant of defendants' motion to dismiss his complaint filed pursuant to 42 U.S.C. § 1983. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and for the reasons set forth below, we affirm.

When the plaintiff is proceeding pro se, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, we will not supply additional factual allegations to Mr. Allen's complaint or construct a legal theory on his behalf. See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir.1997).

Mr. Allen had arranged to meet his bail-bondsman to turn himself in to the authorities on October 14, 1994, based on arrest warrants for first degree rape and kidnaping. Upon reaching the designated spot, Mr. Allen contends he was shot at, punched and beaten repeatedly until he proffered a false confession. Approximately three days later, while in the Tulsa City-County Jail, Mr. Allen states "Internal Affairs" representatives threatened him with more beatings and reprisals if he filed any charges based on his arrest. After pleading guilty, Mr. Allen was transferred to the Oklahoma Department of Corrections in February 1995. Apparently fearing for his life in Oklahoma, Mr. Allen initiated interstate corrections compact proceedings and was later transferred to a Kansas

correctional facility. Mr. Allen subsequently filed his initial complaint on January 15, 1998.

The two year statute of limitations found in Okla. Stat. Ann. tit. 12 § 95(3) is the applicable limitations period for bringing a § 1983 action in Oklahoma. See Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988). Mr. Allen's complaint was filed well over three years after his claims arose, and Mr. Allen points to no actions taken by defendants within the two years preceding the filing of his complaint.

Although Mr. Allen argues that the limitations period should be equitably tolled, he cites no authority and we can find no authority to support this argument. He alleges he waited until he was transferred out of Oklahoma to file his claims because he feared retaliation while he remained in an Oklahoma facility. Mr. Allen presents only unsupported conclusory allegations to support this claim. Therefore, the district court properly found that this action was time-barred.

For the reasons set forth above, we AFFIRM the district court's dismissal of these claims. We remind Mr. Allen that he is obligated to continue making partial payments until the entire fee has been paid pursuant to this court's June 9, 2000 order.

Entered for the Court,


Robert H. Henry
Circuit Judge