**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRIAN CHARLES GARGAN,

Plaintiff-Appellant,

v.

DAVID GABRIEL, KEN SOLHOL, JOHN
SABEC, BRYAN MILBURN, MARY CARTER,
WILLIAM RUSHER, DALE O'CONNOR,
THOMAS KERSTIENS, TRIGG, PIPER, PINEDA,
SUTTON, SMELSER, REYES, DIVIDO,
NURSE GRISWOULD, NURSE ROGICH,
WARDEN SOARES, ASST. WARDEN TAYLOR,
MAJOR TORANOWSKI, ORVILLE NEUFELD,
and P.A. ENGLUND, in their individual and
official capacities; KIM BURFORD, Adm. Asst. in
her individual and official capacity; LINDA
ERICSON, Nurse, in her individual and official
capacity; J. DALTON, Capt. in his individual and
official capacity; SGT. MONTOYA, and FRANK
RUYBALID, in their individual and official
capacities; 8 JOHN DOES, to be amended later,

Defendants-Appellees.

No. 02-1059
(D.C. No. 00-M-2526)
(D. Colo.)

**ORDER AND JUDGMENT** *

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Brian Gargan, a state prisoner appearing pro se, brought suit under 42 U.S.C. § 1983 against twenty-seven named prison officials and eight John Does for violating his Eighth Amendment rights. The district court granted the defendants' motion to dismiss for failure to state a claim. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Mr. Gargan allegedly suffers from "chronic heart disease." He argues the defendants, knowing of his heart condition, violated his Eighth Amendment rights by their excessive use of force and deliberate indifference to his serious medical needs. Mr. Gargan claims the defendants used excessive force by spraying him with four cans of oleoresin capsicum, commonly known as pepper spray, while extracting him from his cell. The spray caused him to "suffer severly [sic]," and the defendants subsequently upgraded him to a medical 4 rating. Mr. Gargan also

-2-

claims the defendants were deliberately indifferent to his serious medical needs by exposing him to secondhand pepper spray and refusing to treat his injuries.

The defendants filed a motion to dismiss Mr. Gargan's complaint under Federal Rule of Civil Procedure 12(b)(6). In their motion, the defendants argued Mr. Gargan failed to allege facts sufficient to show a violation of his Eighth Amendment rights and, even if he did make such a showing, they were nonetheless entitled to qualified immunity. The district court granted the defendants' motion to dismiss, stating Mr. Gargan failed "to sufficiently allege claims for relief under 42 U.S.C. § 1983."[1] Since we are in agreement with the district court's conclusion, we do not address the defendants' claim of qualified immunity.

---

[1] Mr. Gargan amended his complaint once as a matter of right. Although the district court never granted Mr. Gargan permission to file additional amended complaints, Mr. Gargan later tendered second and third amended complaints. In its order to dismiss, the district court did not identify the specific complaint it was dismissing. As Mr. Gargan does not appeal the district court's failure to grant permission to amend, this issue is waived, *see Krastev v. Immigration & Naturalization Service*, 292 F.3d 1268, 1280 (10th Cir. 2002), and we will examine the last complaint filed, or the first amended complaint. We also note it would have been futile for the district court to grant permission to amend, as Mr. Gargan's second and third amended complaints suffer from the same deficiencies as his first amended complaint.

We review the district court's dismissal de novo, accepting as true all well-pled factual allegations and construing those facts in a light most favorable to Mr. Gargan as the non-moving party. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (quotation marks omitted). Although a pro se litigant's pleadings are construed liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), this court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

To state a valid claim under 42 U.S.C. § 1983, a plaintiff must allege the defendants deprived him of a constitutional right under color of state law. *See Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). Mr. Gargan argues the defendants deprived him of his Eighth Amendment rights under color of state law by (1) spraying him with four cans of pepper spray during a cell extraction; (2) exposing him on two occasions to secondhand pepper spray; and (3) refusing to provide medical care for his injuries. The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required,

-4-

nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S.

Const. amend. VIII. The Eighth Amendment applies to the states through the

Fourteenth Amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 344-345 (1981).

We first turn to Mr. Gargan's claim the defendants' violated the Eighth

Amendment by using excessive force in spraying him with pepper spray during a

cell extraction. In order to state a claim for excessive use of force, Mr. Gargan

must show the defendants "acted maliciously and sadistically for the very purpose

of causing harm rather than in a good-faith effort to maintain or restore

discipline." *Mitchell v. Maynard*, 80 F.3d 1433, 1440 (10th Cir. 1996). This

standard is appropriate "regardless of whether the corrections officers are

quelling a prison disturbance or merely trying to maintain order." *Id*. (quotation

marks nd citation omitted). A plaintiff need not allege "significant physical

injury to state a cause of action." *Id*.

Mr. Gargan alleges the defendants, knowing of his heart condition, sprayed

him "4 times with 4 whole cans of [pepper spray] while [he was] unarmed, alone

and secured in a segregation cell." The defendants then ordered Mr. Gargan back

into his cell to clean up the residue "while naked and burned." *Id*. at 8. As a

result of this incident, Mr. Gargan "suffered severly [sic] and was upgraded to a

medical 4 rating." The district court determined these factual allegations failed to state a claim for relief. We agree. Nowhere does the complaint allege facts sufficient to support a reliable inference that pepper spray was used on Mr. Gargan unnecessarily, excessively, or wantonly. There are simply no facts at all discussing the need, or lack thereof, to use pepper spray in extracting Mr. Gargan from his cell. The complaint also fails to allege exposure to pepper spray aggravates Mr. Gargan's heart condition or the defendants knew pepper spray aggravates his heart condition.

We now turn to Mr. Gargan's claims of deliberate indifference. These claims fail for similar reasons. Mr. Gargan argues the defendants were deliberately indifferent to his serious medical needs in exposing him to secondhand pepper spray. A deliberate indifference claim has two components: (1) an objective component requiring the pain or deprivation be sufficiently serious, and (2) a subjective component requiring the offending officials act with a sufficiently culpable state of mind. *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999). A medical need is serious enough to meet the objective component "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559,

575 (10th Cir. 1980) (quotation marks and citation omitted). The subjective component is met if a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Mr. Gargan alleges the defendants, knowing of his heart condition, exposed him to pepper spray on two occasions when spraying neighboring prisoners. On at least the second incident, exposure to the pepper spray caused Mr. Gargan to suffer "from vomiting, chest pain, dizziness and shortness of breath." Mr. Gargan fails to allege, however, that the defendants acted with a sufficiently culpable state of mind. Nowhere does Mr. Gargan state that exposure to pepper spray aggravates his heart condition, that the defendants knew such exposure would aggravate his heart condition, or that, despite such knowledge, the defendants deliberately exposed him to pepper spray. Mr. Gargan states only that a nurse, following the second incident, remarked to him she should have removed him from the area prior to using the spray. At most, this states a claim of negligence insufficient to constitute an Eighth Amendment violation. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Mr. Gargan also argues the defendants were deliberately indifferent to his serious medical needs by refusing medical care subsequent to at least two incidents of pepper spray exposure. Mr. Gargan alleges a nurse on one occasion "refused me medical attention and would not listen to my complaints when I told her I had heart disease." Another defendant later "denied I was a high risk for cardiac arrest when he answered my step 3 grievance." Mr. Gargan once again fails to allege facts supporting a reliable inference of culpability on the part of the defendants. There are simply no facts indicating whether the medical refusals were wanton, negligent, or reasonable. There are also no facts indicating whether Mr. Gargan's alleged injuries are the result of an aggravation of his heart condition or mere exposure to pepper spray. Absent these factual allegations, Mr. Gargan cannot state a claim for deliberate indifference to serious medical needs. Although Mr. Gargan appears to disagree with the defendants' medical judgment, mere disagreement with medical judgment does not rise to the level of an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). It also appears from Mr. Gargan's briefs filed in this court and the district court that he has been receiving treatment for his heart condition and other maladies since first being exposed to pepper spray.

Mr. Gargan's motion to proceed *in forma pauperis* is granted, and the judgment of the United States District Court for the District of Colorado is **AFFIRMED** .

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge