**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RICHARD LYNN DOPP,

　　　　Plaintiff-Appellant,

v.

BEN LORING, District Attorney;
EDDIE J. WYANT; TRISA K.
RUNYAN, a/k/a TRISA K. DOPP;
DELBERT DUCKETT; BRIAN
WILSON; ROBERT E. REAVIS, II,
ROBERT G. HANEY; BEVERLY
STEPP; TIMOTHY PERIGO;
PEGGY SPICER;
CATHERINE J. DEPEW,

　　　　Defendants-Appellees.

No. 02-5017
(D.C. No. 01-CV-256-L)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY**, **BALDOCK**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\* 　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Richard Lynn Dopp, proceeding pro se and in forma pauperis, brought this action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1861-1868, against a district attorney, an assistant district attorney, three state court judges, two state court clerks, an assistant United States attorney, and three private individuals. The incidents complained of stem from the seizure of plaintiff's property pursuant to a valid state-issued search warrant and from later forfeiture proceedings under both Oklahoma and federal law. With the exception of plaintiff's claim against the private individual defendants Runyan, Duckett, and Wilson, we affirm for substantially the reasons stated by the district court.

The district court dismissed plaintiff's complaint sua sponte under 28 U.S.C. § 1915(e)(2)(b)(ii), (iii), and § 1915A(b)(2) for failure to state a claim and because some of the defendants plaintiff attempted to sue are immune from suit. We review this dismissal de novo. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (reviewing dismissal under § 1915(e)(2)(b)(ii)); *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (reviewing dismissal based on defendants' immunity).

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts

he has alleged and it would be futile to give him an opportunity to amend. In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. In addition, we must construe a pro se appellant's complaint liberally.

*Gaines,* 292 F.3d at 1224 (quotation and citations omitted).

To the extent plaintiff alleged illegal activity under RICO for actions taken pursuant to the rulings of a state court, the district court correctly concluded that its jurisdiction was barred by the *Rooker-Feldman* doctrine. *See Johnson v. Riddle*, 305 F.3d 1107, 1116 (10th Cir. 2002) (explaining *Rooker-Feldman*). For those claims not so barred, the district court further correctly determined that all official defendants (the state and federal prosecutors, the judges, and the court clerks) had absolute immunity from suit. With respect to the individual defendants, the district court held that plaintiff's complaint failed to state a RICO claim against them because it did not allege an "enterprise" distinct from the defendant persons themselves. *See* 18 U.S.C. § 1962(c).

To this latter point, plaintiff argues that his complaint adequately stated a RICO claim against the individual defendants and that, in the alternative, he should be allowed to amend his complaint to allege the requisite distinct enterprise. Under RICO, "the 'person' and the 'enterprise' engaged in racketeering activities [must] be different entities." *Bd. of County Comm'rs v. Liberty Group*, 965 F.2d 879, 885 (10th Cir. 1992). Plaintiff argues that because

-3-

he has named more than one individual defendant, he has satisfied the distinct enterprise requirement. That is not so. Plaintiff must show that the three individual defendants "were part of an enterprise which had an existence and purpose *distinct from any one of them* to establish [RICO] liability." *Id.* (emphasis added). RICO liability "depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their *own* affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993).

As mentioned above, dismissal of a pro se plaintiff's complaint for failure to state a claim "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (quotation omitted). "[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). The district court, therefore, erred in dismissing plaintiff's complaint with prejudice without first giving him an opportunity to amend his complaint to cure any deficiencies. "Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." *Neitzke v. Williams*, 490 U.S. 319, 329 (1989).

-4-

Because it is not patently obvious that plaintiff will be unable to state a RICO claim against defendants Runyon, Duckett, and Wilson, the district court erred in dismissing that part of the complaint under § 1915(e)(2)(B)(ii). On remand, plaintiff should be afforded an opportunity to amend his complaint to cure that deficiency.

Because we are vacating a portion of the judgment in this case, the assessment of a strike by the district court for purposes of 28 U.S.C. § 1915(g) should be rescinded. Plaintiff's request that this court order the recusal of all federal district court judges in the Northern District of Oklahoma from participation in this matter is DENIED. Plaintiff is reminded that he is obligated to continue making partial payments on his filing fees until they are paid in full.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED in part and VACATED and REMANDED in part for further proceedings. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-5-