**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

LOUISE WHITNEY,

       Plaintiff-Appellant,

v.

STATE OF NEW MEXICO;
CHARLES PATRICK, Employee of
the State of New Mexico; JOHN/JANE
DOE, Unknown Employees of the
State of New Mexico,

       Defendants-Appellees.

No. 96-2198

---

Appeal from the United States District Court
for the District of New Mexico
(D.C. No. CIV-96-571)

---

Louise Whitney, Pro Se, Roswell, New Mexico, Plaintiff-Appellant.

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge

Plaintiff Louise Whitney, appearing *pro se* and *in forma pauperis*,[1] appeals the district court's dismissal of her civil rights complaint.[2]  Whitney brought her action against the State of New Mexico, Charles Patrick, and other unknown employees of the State of New Mexico under 42 U.S.C. § 1983.  Whitney alleged the defendants violated her right to equal protection by discriminating against her and harassing her on the basis of her sex.  Although the complaint is far from clear, reading this *pro se* complaint in a light most favorable to Whitney, she appears to allege that New Mexico, through its agent Patrick, harassed her and denied her a license to operate a day care facility because she is female.  After she was denied a license, Whitney was apparently hired as administrator of the day care facility by the new owner, Louis Angelos.  According to Whitney, Patrick continued to harass her during the entire term of her employment with Angelos.  In addition, Whitney alleged that Patrick defamed her by "mak[ing]

---

[1]Although Whitney was a prisoner at a federal correctional facility at the time she filed her complaint, she was released from custody prior to the district court's dismissal of her case.  Because Whitney was not a "prisoner" at the time she filed her notice of appeal, the filing fee provisions of the Prison Litigation Reform Act do not apply to this appeal.  *See* 28 U.S.C. § 1915(a), (b), (h).  This court has reviewed Whitney's financial declarations and, based on that review, grants her motion to proceed *in forma pauperis* on appeal.  *See id.* § 1915(a)(1).

[2]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

false remarks to Mr. Angelos insinuating that [Whitney] and Mr. Angelos were intimately involved."

The district court dismissed Whitney's complaint *sua sponte*, holding as follows: (1) Whitney's discrimination claim was frivolous under 28 U.S.C. § 1915(d)[3] because "[o]nly the New Mexico Health Department can grant or deny a license for a day care facility and a claim for damages against this department is the same as a claim for damages against the State itself," an entity immune from suit in federal court under the provisions of the Eleventh Amendment; (2) Whitney's allegation that Patrick sexually harassed her failed to state a claim because Whitney had not alleged sufficient state action to support her claim; and (3) Whitney's defamation claim against Patrick failed to state a § 1983 claim because Whitney did not allege any punitive action taken against her as a result of Patrick's remarks. Accordingly, the district court dismissed Whitney's discrimination claim without prejudice to her bringing the claim in state court and dismissed the remainder of Whitney's claims with prejudice. This court exercises jurisdiction over Whitney's appeal pursuant to 28 U.S.C. § 1291 and affirms in part and reverses in part.

---

[3]The provisions of 28 U.S.C. § 1915(d) have been recodified at 28 U.S.C. § 1915(e).

"Mindful that pro se actions are held to a less stringent standard of review and that sua sponte dismissals are generally disfavored by the courts, we nonetheless allow a complaint to be dismissed under § 1915(d) 'if the plaintiff cannot make a rational argument on the law and facts in support of [her] claim.'" *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987) (quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1434 (10th Cir. 1986)). This court reviews a district court dismissal under § 1915(d) for an abuse of discretion. *Green v. Seymour*, 59 F.3d 1073, 1077 (10th Cir. 1995).

Although the district court did not abuse its discretion in dismissing Whitney's discrimination claim against New Mexico and against Patrick in his official capacity, it erred in dismissing her discrimination claim against Patrick in his individual capacity. In addressing Whitney's discrimination claim, the district court stated as follows:

> Plaintiff's discrimination claims are barred by the Eleventh Amendment to the Constitution, which extends the sovereign immunity enjoyed by the States to actions in federal court. *See Griess v. Colorado*, 841 F.2d 1042, 1043-44 (10th Cir. 1988). Only the New Mexico Health Department can grant or deny a license for a day care facility, *see* N.M. Stat. Ann. §§ 24-1-(3)(I) and -5(a) (Michie Repl. Pamp. 1994), and a claim for damages against this department is the same as a claim for damages against the State itself. *See Neitzke v. Willliams*, 490 U.S. 319, 327 (1989); *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Plaintiff's discrimination claims for damages will accordingly be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

Dist. Ct. Order at 2.

Whitney's claim against New Mexico is based on an "indisputedly meritless legal theory," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), because the State of New Mexico is clearly entitled to Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 116 S. Ct. 1114, 1122 (1996). Dismissal of Whitney's damage claims against New Mexico is, therefore, proper under § 1915(d). *See Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (upholding a dismissal under § 1915(d) on the basis of Eleventh Amendment immunity). Furthermore, because a suit against an individual in his official capacity is, in reality, a suit against the agency which the individual represents, Whitney's suit against Patrick in his official capacity as an agent for New Mexico is also barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166-68 (1985). The district court's § 1915(d) dismissal of Whitney's suit against Patrick in his official capacity was not an abuse of discretion. *See Northington*, 973 F.2d at 1521.

The district court did, however, abuse its discretion in dismissing on Eleventh Amendment grounds Whitney's discrimination claim against Patrick in his individual capacity. *See Reliance Ins. Co. v. Mast Constr. Co.*, 84 F.3d 372, 375-76 (10th Cir. 1996) (holding that abuse of discretion is established if district court's decision was based on an error of law). In generally dismissing Whitney's discrimination claims, the district court apparently assumed that because "[o]nly

the New Mexico Health Department can grant or deny a license for a day care facility," only the State could be held responsible for the discriminatory denial of a license to operate a day care facility. The district court apparently further assumed that because New Mexico is immune under the Eleventh Amendment, Whitney's discrimination claims had to be dismissed *in toto*, even as against Patrick in his individual capacity.

Contrary to the decision of the district court, the Eleventh Amendment does not operate as a bar to Whitney's claim against Patrick in his individual capacity. This court has recognized that "§ 1983 suit[s] against state officers in their individual capacities [are] not barred by the Eleventh Amendment, inasmuch as such suits proceed on the theory that when the officers act unconstitutionally, they are stripped of their official or representative character and are thus subjected to the consequences of their conduct." *Houston v. Reich*, 932 F.2d 883, 887 (10th Cir. 1991); *see also Duncan v. Gunter*, 15 F.3d 989, 991-92 (10th Cir. 1994) ("The Eleventh Amendment does not bar [individual-capacity suits] because state officers may be personally liable for their unconstitutional acts."). Accordingly, the district court's Eleventh Amendment dismissal of Whitney's discrimination suit against Patrick in his individual capacity was error.

In addition to dismissing Whitney's discrimination claims, the district court also dismissed her § 1983 harassment and defamation claims against Patrick.

This court has held that a district court may dismiss *sua sponte* a *pro se* complaint for failure to state a claim. *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991). Such a dismissal is appropriate only where it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing [her] an opportunity to amend [her] complaint would be futile." *Id.* (citation omitted); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."). Nevertheless, when the "plaintiff is proceeding pro se, we must construe [her] pleadings liberally," applying a less stringent standard than is applicable to pleadings filed by lawyers. *Gagan v. Norton*, 35 F.3d 1473, 1474 n.1 (10th Cir. 1994), *cert. denied*, 115 S. Ct. 1175 (1995). This court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf. *Hall*, 935 F.2d at 1110.

With these precepts in mind, we conclude that the district court erred in dismissing Whitney's harassment claim against Patrick. Citing this court's opinion in *Noland v. McAdoo*, 39 F.3d 269, 271 (10th Cir. 1994), the district court recognized: "An allegation of sexual harassment is actionable under § 1983 as a violation of the Equal Protection Clause. . . . [H]owever, . . . in order to establish the state action necessary to support a § 1983 claim, defendant . . . had to be plaintiff's supervisor or in some other way exercise state authority over her."

-7-

Nevertheless, the district court concluded that Whitney's harassment allegations did not support a claim under § 1983 because "[t]he only supervisory/authority relationships alleged in the complaint were between [Whitney] and private business owners." Dist. Ct. Op. at 3. We disagree.

Read liberally, Whitney's *pro se* complaint alleges Patrick harassed her while Patrick was deciding whether Whitney was entitled to a day care facility license. As the Supreme Court has noted, a person acts under color of state law if he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also David v. City & County of Denver*, 101 F.3d 1344, 1354 (10th Cir. 1996) ("[L]iability for sexual harassment under the Equal Protection Clause of the Fourteenth Amendment is generally based on some authority that the defendant has over the victim."). Without the presence of some type of state authority on the part of the defendant, "'it is difficult to establish that the abusive action was perpetrated "under color of state law" rather than as an essentially private act of sexual harassment.'" *David*, 101 F.3d at 1354 (quoting *Woodward v. City of Worland*, 977 F.2d 1392, 1401 (10th Cir. 1992), *cert. denied*, 509 U.S. 923 (1993)). Under this standard, "[i]t is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him

by the state. Thus generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West*, 487 U.S. at 49-50.

The Ninth Circuit has applied the standards the Supreme Court enunciated in *West* to a case similar to the instant case. In *Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476 (9th Cir. 1991), two Hmong refugees from Laos sued Xiong, an employee of the Washington State Employment Security office. Each plaintiff claimed that Xiong sexually harassed and assaulted them when they sought his assistance in finding employment. The Ninth Circuit held that the plaintiffs had sufficiently alleged and proved that Xiong acted under color of state law by presenting the following evidence:

> Both plaintiffs in this case came into contact with Xiong because of their need for employment and their understanding that Xiong and his department could be relied upon to supply jobs to Hmong refugees. The jury could have found that each plaintiff was raped during a meeting with Xiong related to the provision of services pursuant to his state employment. An expert in Hmong anthropology testified at trial that after fleeing from Laos, Hmong refugees have been entirely reliant on government aid, and as a result, are in awe of government officials.

*Id.* at 480. Based on this evidence, the Ninth Circuit concluded "the jury reasonably could have concluded that [Xiong] used his government position to exert influence and physical control over these plaintiffs in order to sexually assault them." *Id.*

Applying the standards set out in *West*, as elucidated by the Ninth Circuit in *Vang Dang*, this court resolves that Whitney's allegations of sexual harassment by Patrick are sufficient to state a claim upon which relief could be granted. Read liberally, Whitney's complaint alleges that Patrick harassed her at a time that Patrick had some state-derived authority over her ability to get a license. *See West*, 487 U.S. at 49-50 (holding that an individual is acting under color of state law when he is exercising his responsibilities pursuant to state law). Furthermore, assuming as we must that Whitney's allegations are true, Patrick could not have harassed Whitney absent his authority as an agent for the State. *See West*, 487 U.S. at 49-50; *see also Noland*, 39 F.3d at 271 (holding that sexual harassment is actionable under § 1983 as a violation of the Equal Protection Clause where plaintiff alleges and proves defendant "in some [] way exercise[d] state authority over her"). Whitney's allegations of sexual harassment by Patrick are sufficient to state a claim for relief under § 1983.

The district court also dismissed Whitney's § 1983 claim relating to Patrick's alleged defamatory statements to Angelos because she did not allege a nexus between Patrick's remarks and any punitive action taken against her. To prevail on a claim for deprivation of a liberty interest in her reputation, Whitney "must allege and establish that there was information published that was false and stigmatizing." *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1558 (10th Cir.

1993).  Furthermore, the alleged stigmatization must be coupled with the loss of a liberty or property interest "initially recognized and protected by state law." *Paul v. Davis*, 424 U.S. 693, 710 (1976); *see Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 982 (10th Cir. 1991).

We agree with the district court that Whitney failed to allege all of the elements necessary to state a claim for the deprivation of her liberty interest in her reputation.  In particular, Whitney failed to allege the loss of a state created or enforced property or liberty interest as a result of Patrick's alleged remarks. Although this court reads *pro se* pleadings liberally, we will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf.  *Hall*, 935 F.2d at 1110.  Furthermore, it is clear that allowing Whitney the opportunity to amend her complaint would be futile because, under the facts alleged by Whitney, Patrick's alleged statements to Angelos are incapable of stigmatizing Whitney.  As the basis for her § 1983 defamation claim, Whitney alleged that Patrick defamed her by "mak[ing] false remarks to Mr. Angelos insinuating that [Whitney] and Mr. Angelos were intimately involved."  Whitney's claim fails whether Patrick's statement was true or false.  If Patrick's statement was true, it is incapable of supporting a § 1983 defamation claim.  *Jensen*, 998 F.2d at 1558 (holding that statement must be false to support a § 1983 defamation claim).  If Patrick's statement was false, Angelos

-11-

would have certainly known it was false and it thus could not have stigmatized Whitney. Because Whitney failed to allege key elements of her § 1983 claim for defamation and because allowing her to amend her complaint would be futile, the district court properly dismissed the claim under Rule 12(b)(6).

The district court's dismissal of Whitney's claims against the State of New Mexico and against Patrick in his official capacity is hereby **AFFIRMED**. The district court's dismissal of Whitney's defamation claim against Patrick in his individual capacity is also **AFFIRMED**. The district court's dismissal with prejudice of Whitney's discrimination and harassment claims against Patrick is hereby **REVERSED** and the cause is **REMANDED** to the district court for proceedings consistent with this opinion.