**Yvette S. ORTEGA, Plaintiff,**

v.

**Alexandra T. NGUYEN, Defendant.**

**No. CIV. A. 98–4001–DES.**

United States District Court, D. Kansas.

May 7, 1998.

Yvette S. Ortega, Topeka, KS, pro se.

John R. Dowell, Office of Attorney General, Topeka, KS, for Defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's Motion to Dismiss (Doc. 7). For the reasons set forth below defendant's motion is granted.

## I. BACKGROUND

Defendant, an assistant District Attorney for the Third Judicial District, Shawnee County, Kansas, initiated a child in need of care proceeding against plaintiff. The result of this proceeding was a state court order removing two of plaintiff's children from her care. Plaintiff, of Native American descent, alleges that the state proceeding violated the Indian Child Welfare Act ("Act"), 25 U.S.C. § 1901 *et seq.* The Act provides in relevant part that any parent ... from whose custody [an Indian] child was removed, ... may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title. 25 U.S.C. § 1914.

## II. RULE 12(B)(6) MOTION TO DISMISS STANDARD

The court may not dismiss a cause of action for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the claimant can prove no set of facts supporting its claim which would entitle it to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106

L.Ed.2d 195 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, as distinguished from conclusory allegations, and must draw all reasonable inferences in favor of the non-movant. *Housing Auth. of the Kaw Tribe v. City of Ponca City,* 952 F.2d 1183, 1187 (10th Cir.1991); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support its claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

 When the plaintiff is proceeding *pro se* the court must liberally construe the complaint, and apply a standard less stringent than that which is applicable to a complaint filed by lawyers. *Whitney,* 113 F.3d 1170, 1173 (citing *Gagan v. Norton,* 35 F.3d 1473, 1474 n. 1 (10th Cir.1994), *cert. denied,* 513 U.S. 1183, 115 S.Ct. 1175, 130 L.Ed.2d 1128 (1995)). The court, however, is not required to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Id.* at 1173–74 (citing *Hall,* 935 F.2d at 1110).

### III. DISCUSSION

Defendant argues, *inter alia,* that she is entitled either to absolute or qualified prosecutorial immunity. To determine whether a prosecutor is entitled to absolute immunity for a particular act, the court must examine the "nature of the function performed, not the identity of the actor who performed it." *Forrester v. White,* 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). In *Burns v. Reed,* the Supreme Court noted that the relevant inquiry is "whether the prosecutor's actions are closely associated with the judicial process." 500 U.S. 478, 495, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). A prosecutor acting as an investigator or administrator, however, is entitled only to qualified immunity. *Rex v. Teeples,* 753 F.2d 840, 843 (10th Cir.1985). "In making the difficult distinction between these prosecutorial and nonprosecutorial investigative and administrative activities, the determinative factor is 'advocacy' because that is the prosecutor's main function and the one most akin to his quasi-judicial role." *Pfeiffer*

*v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1490 (10th Cir.1991) (citing *Rex,* 753 F.2d at 843).

Plaintiff's complaint alleges that defendant is employed as an Assistant District Attorney, and that she was acting on information provided by the Kansas Social and Rehabilitation Services in initiating steps to remove plaintiff's two children from her care. The court believes defendant's decision to initiate and prosecute this case not only was within the context of her duties as a prosecutor, but also was intimately associated with the judicial process. Accordingly, defendant is entitled to absolute prosecutorial immunity for her challenged conduct and plaintiff's claim against defendant must be dismissed for failure to state a claim.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Motion to Dismiss (Doc. 7) is granted.