**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL EUGENE PRICE, SR.,

    Plaintiff - Appellant,

v.

DAVID T. ISKI; JIM CLARK; RON
PALMER; JIM BOUCKADAKIS;
OFFICER SANDY; STANLEY
GLANZ; TULSA COUNTY BOARD
OF COUNTY COMMISSIONERS,

    Defendants - Appellees.

No. 03-5012
(D.C. No. 02-CV-530-B(M))
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE** and **LUCERO**, Circuit Judges.

Michael Eugene Price, Sr., an Oklahoma state prisoner proceeding pro se,

brought this action under 42 U.S.C. § 1983, claiming (1) that the judge and

prosecutor of Tulsa County conspired to deny him the right to a direct appeal

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

from his previous criminal convictions, (2) that he was denied counsel at trial in that his court-appointed counsel improperly refused to recuse himself from Price's trial, and (3) that the state court erred at sentencing. The district court dismissed Price's complaint for failure to state a claim upon which relief may be granted. Price appeals.

We have held that, in appropriate circumstances, a district court may dismiss sua sponte a pro se complaint for failure to state a claim. Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997). "Such a dismissal is appropriate only where it is 'patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile.'" Id. (quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991)). We are mindful of our duty to construe pro se pleadings liberally. See id.

In dismissing Price's complaint, the district court concluded that (1) defendants the State of Oklahoma, and Ron Ward, sued in his official capacity as the Director of the Oklahoma Department of Corrections, are entitled to Eleventh Amendment immunity; (2) defendant Hopper, a former Tulsa County District Court Judge, is entitled to absolute judicial immunity, and (3) defendants Glass, Silva, Iski, Bouckadakis, and Neal are not state actors and therefore not liable under § 1983. As to the remaining defendants, the court determined that, to

the extent Price sought damages for an allegedly unconstitutional conviction or sentence, <u>Heck v. Humphrey</u> barred his claims. 512 U.S. 488, 484 (1994) (holding that, in order to recover damages under § 1983 for an allegedly unconstitutional conviction or sentence, the defendant must demonstrate that the conviction has been reversed). In addition, the court held that although 28 U.S.C. § 2254, not § 1983, would be the appropriate avenue for Price to challenge his sentence and seek injunctive relief, it would be futile to convert the matter to a habeas petition because Price previously has been denied habeas relief and has not sought approval from this court to file a successive habeas petition.

On appeal, Price moved to dismiss nine defendants from the complaint, including the State of Oklahoma and Judge Hopper, essentially conceding that these nine defendants are immune from suit.[1] As to Price's claims against the remaining defendants, we have carefully reviewed Price's brief, which merely recasts the arguments made to the district court—as well as the record on appeal.

---

[1] We grant Price's motion to dismiss as defendants the State of Oklahoma, Clifford E. Hopper, Ron Ward, Edward Glass, Pete Silva, the Mayor of Tulsa, the United States Department of Justice, John Doe, Charles D. Neal, Jr., and Ann Domin.

We conclude there is no merit to the appeal, and thus for substantially the same reasons stated in the district court's Order of December 2, 2002, we **AFFIRM**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge