**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RICHARD LEE BEAMS,

     Plaintiff-Appellant,

v.

GALE NORTON, Secretary of the
Department of Interior,

     Defendant-Appellee.

No. 03-3106
(D.C. No. 00-CV-4124-SAC)
(D. Kan.)

---

ORDER AND JUDGMENT   *

---

Before **EBEL** , **HENRY** , and **MURPHY** , Circuit Judges.

---

Richard Lee Beams appeals from the district court's grant of summary

judgment to defendant on claims of employment discrimination and retaliation in

violation of Title VII, the Age Discrimination in Employment Act and the

Americans with Disabilities Act.   [1]  He brought six separate claims before the

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of

                                    (continued...)

EEOC in connection with unsuccessful applications for employment with the Bureau of Indian Affairs and ultimately combined them in a single lawsuit filed in federal district court. The court concluded, as did the administrative law judge in the agency proceedings, that appellant's claims had no merit. *See Beams v. Norton*, 256 F. Supp. 2d 1203, 1215-1218 (D. Kan. 2003). The court also denied appellant's motion to include additional claims which were decided by the agency during the pendency of his case in federal court. *Id.* at 1205.

We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291. We review the district court's summary judgment ruling *de novo*, applying the same legal standards as did that court to determine whether genuine issues of material fact exist and, if not, whether the nonmoving party is entitled to judgment as a matter of law. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). In the context of appellant's substantive claims, that means we consider his arguments in light of the familiar burden-shifting analysis based on the Supreme Court's decision in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Beams*, 256 F. Supp. 2d at 1213, 1214 (setting out the general elements of prima facie cases alleging discriminatory failure to hire and retaliation) (citing *Garcia v. Pueblo Country*

---

[1](...continued)
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

*Club*, 299 F.3d 1233, 1238 (10th Cir. 2002) and *Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1205 (10th Cir. 2000)).  In our consideration of appellant's claims, we construe his pro se pleadings, including his appellate filings, liberally. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).  We will not, however, supply additional factual allegations to support appellant's complaint or construct legal theories on his behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  Unsupported conclusory allegations do not create an issue of fact.  *See Matthiesen v. Banc One Mortgage Corp.*, 173 F.3d 1242, 1247 (10th Cir. 1999).

After careful review of the record on appeal and the parties' briefs, we conclude that the district court correctly decided this case.  Further, appellant's arguments on appeal do not challenge the basis of the district court's rulings, namely that he had not demonstrated either the existence of a prima facie case or, where such case existed, had not presented evidence that the agency's articulated legitimate reasons for not hiring him were a pretext for discrimination or retaliation.  To the extent that appellant's appellate arguments attempt to raise new claims based on the Indian Preference statute, 25 U.S.C. § 472, we decline to address them.  Appellant's comments on Indian preference rules to the district court were made in the context of his discrimination claims and did not refer to the statute itself.  Even under the liberal construction afforded pro se pleadings,

these sparse references did not apprise that court of a separate claim based on the statute. We do not, as a general rule, address matters that were not presented to the district court. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

Appellant also challenges as error the district court's denial of his motion to amend the pretrial order with additional claims of employment discrimination. We review this decision for abuse of discretion only. *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002). We find no abuse of discretion in the district court's conclusion that the addition of new claims would prejudice defendant in this case, and appellant does not argue otherwise.

The judgment of the district court is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge