**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FRED STEPNAY, JR.,

      Plaintiff-Appellant,

v.

DENNIS GOFF, ARNP, Medical Care
Provider; JANET MYERS, Health
Service Administrator; JO RENE
KERNS, Resident Agent of Correct
Care Solutions; LOUIS E. BRUCE,
Warden, Hutchinson Correctional
Facility; and KANSAS
DEPARTMENT OF CORRECTIONS,
Secretary of Corrections,

      Defendants-Appellees.

No. 05-3203
(D.C. No. 04-CV-3246-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY,** and **HENRY**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Fred Stepnay, Jr., a state prisoner, brought a *pro se* § 1983 claim against the Kansas Department of Corrections and various state officials ("Defendants") alleging they provided him with constitutionally inadequate medical care for a skin condition. The district court dismissed the action under 28 U.S.C. § 1915(e)(2)(B)(ii) because Mr. Stepnay failed to state a claim upon which relief could be granted. Because we cannot say that allowing Mr. Stepnay to amend his complaint would be futile, the district court erred in dismissing his complaint under § 1915(e)(2)(B)(ii).

## I. Background

In November 2003, Mr. Stepnay developed a skin condition. Defendant Dennis Goff, a nurse practitioner, treated Mr. Stepnay a number of times. In February 2004, after three months of treatment from Mr. Goff, Mr. Stepnay was denied his request for a referral to a physician for persistent symptoms and told that he had been properly diagnosed and was receiving the correct treatment for his skin condition. He subsequently filed grievances with the Health Service Administrator, the Resident Agent of Correct Care Solutions (C.C.S.), and the Warden, all of whom responded that no further action would be taken because he was being seen and treated as the health care provider deemed appropriate.

Mr. Stepnay then filed a grievance with the Kansas Secretary of Corrections and was seen by a physician on March 9, 2004. This physician

diagnosed Mr. Stepnay with a staph infection and prescribed a ten-day course of antibiotics and antibiotic soap. After ten days of this treatment, Mr. Stepnay still suffered from the same symptoms and requested follow-up care. This request was denied. He went through the same grievance process and was again told no action would be taken. After filing a second grievance with the Kansas Secretary for Corrections, Mr. Stepnay was seen by another physician on May 2004. This physician diagnosed the skin condition as Staphylococcus Aureus ("M.R.S.A.") and prescribed a twenty-day course of antibiotics.

Mr. Stepnay contends that "due to the C.C.S. staff's and the Warden's deliberate indifference toward [his] medical needs, [he has] permanent scarring on his skin and an infectious disease that will continue to recur." Additionally, he alleges that because he has "congestive heart failure this virus (M.R.S.A.) could result in [his] untimely death." He claims that Defendants' actions in denying him medical care violated the Eighth Amendment's prohibition against cruel and unusual punishment.

After granting Mr. Stepnay's motion to proceed *in forma pauperis*, the district court concluded that Mr. Stepnay's allegations were insufficient to state a claim of deliberate indifference as required to state a cognizable Eighth Amendment violation. It therefore dismissed Mr. Stepnay's claim for failure to

state a claim upon which relief may be granted pursuant 28 U.S.C.

§ 1915(e)(2)(B)(ii).  Mr. Stepnay appeals that dismissal.

## II. Discussion

In order to demonstrate a violation of clearly established Eighth Amendment rights due to inadequate medical care, "an inmate must satisfy both objective and subjective elements."  Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001).  An inmate satisfies the objective component by alleging facts indicating the deprivation of medical care is sufficiently serious.  Id.  The subjective component is met if prison officials acted with the requisite culpability; that is, deliberate indifference.  Id.  Finally, "a delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm."  Id. at 950 (quotations omitted).

Although a district court may dismiss *sua sponte* a *pro se* complaint for failure to state a claim pursuant to § 1915 or Fed. R. Civ. P. 12(b)(6), see McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991), we have nonetheless also held that "[s]uch a dismissal is appropriate only where it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, *and* allowing [him] an opportunity to amend [his] complaint would be futile,"  Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997) (quotations omitted; emphasis added).  Although it may be unlikely that Mr. Stepnay can sufficiently allege that

the prison officials acted with deliberate indifference to his serious medical needs, it is not clear that allowing Mr. Stepnay the opportunity to amend his complaint would be futile. In order to provide guidance to the district court and Mr. Stepnay on remand, we focus our analysis on the deficiencies in his complaint.

## A. Deprivation of Medical Care for Sufficiently Serious Medical Condition

The deprivation of a medical need is sufficiently serious "if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Garrett, 254 F.3d at 949 (quotation, alteration omitted). Although Mr. Stepnay's skin condition was twice diagnosed by a physician as mandating treatment, he received that treatment as soon as it was prescribed.[1] Accordingly, the only seemingly viable deprivation claim that exists relates to the brief window of time when Defendants allegedly denied Mr. Stepnay follow-up care after the expiration of his ten-day course of antibiotics despite the fact that Mr. Stepnay repeatedly told Defendants the treatment for his staph infection had not worked. See Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980) ("Deliberate indifference to serious

---

[1] To the extent that Mr. Stepnay is challenging the nurse practioner's treatment, we note that "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999).

medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment.").

Mr. Stepnay may not avoid dismissal, however, by merely asserting conclusory allegations that his condition obviously required a doctor's attention because most skin conditions are not intuitively serious. Cf. Oxendine v. Kaplan, 241 F.3d 1272, 1278 (10th Cir. 2001) (holding that ineffectiveness of the prison doctor's reattachment and care of the inmate's severed finger was so obvious a lay person would recognize the need for a doctor's attention where the inmate's finger tissue blackened and necrified). However, because we can at least imagine some skin conditions that are sufficiently serious, and drug resistant infections in a prison context might certainly be in that context, Mr. Stepnay may only avoid dismissal by alleging specific facts indicating his condition at the conclusion of his ten-day course of antibiotics was so obvious that Defendants should have recognized that it required a referral for follow-up care. Thus, Mr. Stepnay could, for instance, describe objective symptoms he manifested after the ten-day course of antibiotics that are sufficient to trigger the need for additional treatment.[2]

## B. Deliberate Indifference

---

[2] Of course, Mr. Stepnay could alternatively satisfy this element by alleging that a physician timely diagnosed his condition as mandating treatment after the ten days of antibiotics.

The subjective component of an inmate's Eighth Amendment claim is met if the prison officials 1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and 2) actually drew such an inference. See Garrett, 254 F.3d at 949. Although Mr. Stepnay contends in a conclusory fashion that Defendants acted with deliberate indifference, his current factual allegations do not support this contention. Nothing in Mr. Stepnay's complaint suggests that Defendants knew of and disregarded a substantial risk to his health or safety. To the contrary, the fact that Mr. Stepnay saw three different health care providers, on its face, cuts against his contention and affirmatively suggests that Defendants were not indifferent to his medical needs. At most, then, Mr. Stepnay's current factual allegations indicate that Defendants may have been negligent in diagnosing or treating his skin condition. Negligence, however, "does not become a constitutional violation merely because the victim is a prisoner." Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1143 (10th Cir. 2005).

Here, Defendants might have been aware that Mr. Stepnay underwent a ten-day course of doctor-prescribed treatment for a serious staph infection and nevertheless refused his request for follow-up care at the expiration of that course of treatment despite the fact that Mr. Stepnay claimed to be suffering from the same symptoms that the nurse practitioner had already unsuccessfully attempted

to treat on numerous occasions.  Because "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious," Garrett, 254 F.3d at 950, at this stage in the proceedings we refuse to conclude that it would be futile to allow Mr. Stepnay to amend his complaint.  In order to avoid dismissal, however, Mr. Stepnay must, for example, precisely identify facts that were called to Defendants' attention by the first physician to treat Mr. Stepnay and by Mr. Stepnay himself that make obvious a substantial risk to Mr. Stepnay.[3]  See id. ("If a risk is obvious, so that a reasonable man would realize it, we might well infer that the defendant did in fact realize it.") (quotations and alterations omitted); see also id. (noting that J. Hall, *General Principles of Criminal Law* 118 (3d ed. 1982) "caution[s] against confusing a mental state with proof of its existence") (quotation omitted).  If Mr. Stepnay successfully alleges such facts, not conclusions, then Defendants' delay in procuring adequate follow-up care for Mr. Stepnay could be sufficient to avoid dismissal.

## C.  Delay Resulting in Substantial Harm

Mr. Stepnay has alleged that he was not seen for follow-up care until two months after the first physician diagnosed him with a staph infection requiring

---

[3]  Such facts may include, for example, precise recital of descriptions, complaints, or statements Mr. Stepnay told prison officials informing them of his physician's diagnosis and prescribed treatment or calling their attention to the inadequacy of the first treatment of his condition or perhaps statements by or notes from Mr. Stepnay's first physician.

medical attention, approximately six weeks after symptoms persisted despite prescription antibiotics, after repeated requests for a second referral, and after filing formal grievances. Assuming the other elements are met, delay in providing Mr. Stepnay follow-up medical care may constitute a constitutional violation. See Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000) (finding several hour delay in treatment for chest pains actionable); Stack v. McCotter, 79 F. App'x 383, 389-90 (10th Cir. 2003) (unpublished) (finding that genuine issues of material fact existed regarding whether inmate's delayed dental care constituted Eighth Amendment violation); Boyd v. Knox, 47 F.3d 966 (8th Cir. 1995) (finding three-week delay in treating infected wisdom tooth actionable). Such delay, however, must have "resulted in substantial harm." Sealock, 218 F.3d at 1210.

"[T]he substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." Garrett, 254 F.3d at 950 (quotations omitted). Mr. Stepnay alleges that "due to [Defendants'] deliberate indifference toward [his] medical needs, [he has] permanent scarring on his skin and an infectious disease that will continue to recur." Additionally, he alleges that because he has "congestive heart failure[,] this virus (M.R.S.A.) could result in [his] untimely death." Such facts, if later proven, would meet the substantial harm requirement.

## III. Conclusion

We express no opinion on the merits of Mr. Stepnay's claims. However, because "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings," Hall v. Bellmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991), the district court erred in dismissing Mr. Stepnay's complaint with prejudice without first giving him an opportunity to amend his complaint to cure any deficiencies. We therefore REVERSE the district court's order dismissing the complaint with prejudice and REMAND the matter with instructions to dismiss the complaint without prejudice to Mr. Stepnay's right to reinitiate the matter by filing a new complaint that sufficiently states a claim upon which relief may be granted.[4] Mr. Stepnay's motion to proceed on appeal pursuant to § 1915 is GRANTED. We remind Mr. Stepnay that he is obligated to continue making partial payments until the entire fee has been paid.

ENTERED FOR THE COURT

David M. Ebel

---

[4] Mr. Stepnay's motion for a default judgment against Defendants pursuant to Fed. R. Civ. P. 55(a) is DENIED because Defendants were never served with Mr. Stepnay's complaint. Additionally, we DISMISS Mr. Stepnay's motion before this court to amend or alter his complaint as moot based on our remand of this case to the district court.

- 10 -

Circuit Judge