FILED
United States Court of Appeals
Tenth Circuit

February 12, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ISSIAKA I. NAMOKO,

      Plaintiff-Appellant,

v.

COGNISA SECURITY, INC.,

      Defendant-Appellee.

No. 07-1360

(D.C. No. 05-cv-0763-WDM-MEH)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, EBEL,** and **McCONNELL**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

      Issiaka Namoko appeals pro se from the district court's order dismissing his complaint and compelling enforcement of a settlement agreement in his dispute with his

---

      [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

former employer, Cognisa Security. Mr. Namoko also seeks to proceed *in forma pauperis* (IFP). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

This case has a complicated procedural history and we provide only a brief summary of its background. Mr. Namoko is originally from Mali in West Africa and worked for Cognisa as a security guard beginning in August 2004. He was terminated from his job in November 2004, which led to his filing of this employment discrimination lawsuit. While he filed his complaint pro se, Mr. Namoko was later represented by counsel from the law firm of Cornish and Dell'Olio who subsequently, on Mr. Namoko's behalf, entered into a settlement agreement with Cognisa in April 2006. After signing the agreement, however, Mr. Namoko apparently decided that he no longer wanted to settle his complaint and refused to dismiss the case, claiming that he signed the agreement under duress from his attorneys.

Cognisa moved to enforce the settlement agreement and, following an evidentiary hearing before a federal magistrate judge as to Mr. Namoko's claim of duress, the magistrate judge recommended to the district court that Cognisa's motion be granted. The district court adopted the recommendation of the magistrate judge on February 20, 2007 and included in its order that the case would be dismissed after Mr. Namoko filed proof of tender of the settlement amount. Cognisa promptly sent a letter to Mr. Namoko offering to provide the settlement check once he signed an agreement to dismiss the case, but Mr. Namoko responded by notifying Cognisa that he would not sign the agreement. Cognisa then moved to dismiss Mr. Namoko's complaint and Mr. Namoko appealed the

2

district court's decision to this court. We dismissed the appeal for lack of jurisdiction because there was no final appealable order from the district court. *Namoko v. Cognisa Sec., Inc.*, No. 07-1296 (10th Cir. Aug. 6, 2007) (order dismissing case for lack of jurisdiction).

Following the dismissal of his first appeal, the district court amended its judgment on June 28, 2007, and directed Cognisa to pay its settlement funds to the Clerk of the Court, indicating that Mr. Namoko's case would be dismissed with prejudice upon proof of payment to the district court. Cognisa complied and the district court dismissed the case on July 31, 2007. Mr. Namoko filed a "Motion for Reconsideration" in this court, which we labeled a "misdirected notice of appeal" and directed the district court to file. The present appeal was then docketed for review by this court.

This court reviews the district court's grant of Cognisa's motion to enforce the settlement agreement for abuse of discretion. *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). "A district court abuses its discretion when it commits an error of law or makes clearly erroneous factual findings." *Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1252 (10th Cir. 2006). While we construe the filings of a pro se plaintiff liberally, this court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Mr. Namoko's appeal is meritless. His arguments do not address the substance of the district court's decision and fail to explain how the district court abused its discretion.

3

In his appeal Mr. Namoko contends that his former attorneys violated his civil rights under 28 U.S.C. § 1343 (a statute which grants original jurisdiction to the district courts in civil rights cases); and, that his attorneys violated the Colorado Rules of Professional Conduct. First, these arguments were not expressly raised before the district court and may not be considered by this court for the first time on appeal. *Hokansen v. United States*, 868 F.2d 372, 378 (10th Cir. 1989). Second, to the extent his claim before the district court that he signed the settlement agreement under duress from his attorneys could be construed as raising either of these issues, neither claim involves the only named defendant in this action, Cognisa. These claims concerning the actions of his prior attorneys are matters between Mr. Namoko and his prior counsel and are wholly irrelevant to the enforceability of the settlement agreement.

We AFFIRM the district court's dismissal of this case. Appellant's motion to proceed IFP is denied.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4