FILED
United States Court of Appeals
Tenth Circuit

December 17, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DENEEN R. GAMMONS, Ph.D.,

      Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER;
CHIEF OF POLICE GERALD R.
WHITMAN, in his official and individual
capacities; OFFICER STEPHEN
STACK, in his official and individual
capacities; DETECTIVE HENRY P.
GONZALES, in his official and
individual capacities; DETECTIVE
KARA BILSTEIN, in her official and
individual capacities; SGT. KIM HULL,
in her official and individual capacities;
UNKNOWN CITY AND COUNTY OF
DENVER POLICE OFFICERS,
DETECTIVES, AND SERGEANTS,
JOHN DOES 1-10, in their official and
individual capacities,

      Defendants-Appellees.

No. 11-1474
(D.C. No. 1:10-CV-01598-REB-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **GORSUCH**, **ANDERSON**, and **EBEL**, Circuit Judges.

Plaintiff Deneen R. Gammons appeals pro se from the district court's order dismissing this civil rights action. She brought the action pursuant to 42 U.S.C. § 1983, charging that the defendants had violated her constitutional rights in connection with a traffic stop and with her subsequent arrest and incarceration. The district court dismissed all of her claims against the named defendants, finding that they were time-barred or failed to state a claim. It then separately dismissed her claims against the "John Doe" defendants.

On appeal, Dr. Gammons challenges the dismissal of the claims contained in her first amended complaint charging the defendants with engaging in (1) an unlawful traffic stop and detention; (2) a false and unlawful arrest; (3) illegal and unlawful confinement and/or false imprisonment; (4) a civil and/or criminal conspiracy to violate her constitutional rights; (5) violation of the Constitution's Privileges and Immunities Clause; (6) abuse of authority, abuse of process, and malicious prosecution; (7) assault and battery; (8) outrageous conduct and intentional/negligent infliction of emotional distress; and (9) defamation. She also raises issues concerning the impoundment of her vehicle in connection with the traffic stop. In particular, she complains that the district court erred by not allowing her any discovery and by not permitting her case to go to jury trial.

- 2 -

"We review de novo the dismissal of a complaint for failure to state a claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). "[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Id.*

"We review de novo the dismissal of an action under Rule 12(b)(6) based on the statute of limitations." *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 957 (10th Cir. 2012) (internal quotation marks omitted). We construe liberally the appellate briefs of litigants proceeding pro se, *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), but we do not craft their legal arguments for them, *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

Having carefully reviewed the briefs, applicable portions of the record, and the relevant case law in light of the above-referenced standards, we AFFIRM the district court's dismissal of this action for substantially the reasons stated in the district court's orders of September 15, 2011, and November 14, 2011.

Entered for the Court


Stephen H. Anderson
Circuit Judge

- 3 -