**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANDREW POMPEY,

    Petitioner - Appellant,

v.

N. C. ENGLISH,

    Respondent - Appellee.

No. 20-3012
(D.C. No. 5:19-CV-03142-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
_____

Pro se[1] petitioner-appellant Andrew Pompey challenges the district court's

denial of his 28 U.S.C. § 2241 motion for habeas relief. We affirm the district

court's judgment.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Pompey is proceeding pro se, we liberally construe his filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). That said, liberally construing a pro se filing does not include supplying additional factual allegations or constructing a legal theory on the appellant's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

**I.**

Andrew Pompey is a federal inmate incarcerated in the United States Penitentiary Leavenworth in Kansas. On October 31, 2018, amphetamine was discovered in the cell occupied by Pompey and another inmate. The incident was investigated by prison staff and ultimately referred to the Disciplinary Hearing Officer ("DHO").

Prior to the DHO hearing, Pompey received both a notice of hearing and a written explanation of his rights at the hearing. R. 109–10. He signed both documents and noted that he did not want to call witnesses or have a staff representative. R. 109–11.

At the DHO hearing on November 28, 2018, Pompey stated, "I just moved in the cell the day before. I didn't know [the amphetamine] was in there. I don't know what amphetamines are." R. 37. Pompey presented no other evidence. The DHO concluded that Pompey committed the prohibited act of possessing contraband. Consequently, Pompey lost 41 days of good-time credits as well as 90 days of commissary, email, and visitation privileges. Pompey received a written report detailing the DHO's decision on December 19, 2018. *See* R. 111–13.

In August 2019, Pompey filed a petition for writ of habeas corpus under 28 U.S.C. § 2241—asserting that his due process rights had been violated. The district court denied Pompey's petition. We affirm.

2

## II.

To meet the requirements of due process in a prison disciplinary hearing that may result in the loss of good-time credits, "the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Due process also requires that a decision to revoke an inmate's good-time credits must be supported by "some evidence." *Id.* This standard does not require "examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Instead, the some-evidence standard is satisfied as long as "any evidence" supports the disciplinary decision. *Id.* at 455–56.

## III.

We agree with the district court that Pompey's due process rights were not violated. Pompey received written notice of the disciplinary charges, R. 109–10, he had an opportunity to present a defense, R. 111, and he received a written statement of the disciplinary decision and the reasons supporting it, R. 111–13. Additionally, the DHO's disciplinary decision was supported by some evidence because amphetamine was discovered in Pompey's prison cell.

Pompey makes two arguments on appeal. First, he argues that the DHO's decision was not supported by sufficient evidence because the amphetamine was

3

discovered in a cell occupied by Pompey and another inmate rather than in Pompey's exclusive possession. But this argument fails because we have held that the some-evidence standard is satisfied in prison disciplinary decisions where contraband was found in an area inhabited by multiple inmates. *Howard v. U.S. Bureau Of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007) (citing *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) ("The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematical.")); *see also Hill*, 472 U.S. at 456 (holding that the some-evidence standard was satisfied where three inmates were seen fleeing the scene of an assault but the evidence "did not support an inference that . . . either of the respondents was the assailant or otherwise participated in the assault"). The cases that Pompey cites as support for his argument are inapposite because they did not involve prison disciplinary hearings and thus did not apply the some-evidence standard. *E.g.*, *United States v. Little*, 829 F.3d 1177, 1179 (10th Cir. 2016); *United States v. Benford*, 875 F.3d 1007, 1010 (10th Cir. 2017).

Second, Pompey argues that his due process rights were violated because he "had trouble understanding the proceedings without the assistance of a staff representative." Aplt. Br. at 5. This argument also fails. Prior to the disciplinary hearing, Pompey signed a form indicating that he did not want a staff representative. R. 109. Additionally, Pompey's statements during the hearing suggested that he did understand the nature of the proceedings. Pompey defended himself—stating "I just moved in the cell the day before. I didn't know [the amphetamine] was in there. I

4

don't know what amphetamines are." R. 37.  Because it appears that Pompey

understood the disciplinary proceeding against him, his due process rights were not

violated on this ground.

## IV.

For these reasons, we hold that Pompey's due process rights were not violated.

We therefore AFFIRM the judgment of the district court.


Entered for the Court


Allison H. Eid
Circuit Judge