FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 8, 2025**

Christopher M. Wolpert
Clerk of Court

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIGUEL ANGEL AGUILAR
PLASCENCIA,

    Defendant - Appellant.

No. 24-6175
(D.C. Nos. 5:22−CV−01070−SLP &
5:21-CR-00144-SLP-1)
(W.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

This case grew out of a federal conviction of Mr. Miguel Angel
Aguilar Plascencia for possessing methamphetamine with an intent to
distribute. Mr. Aguilar unsuccessfully sought post-conviction relief in
district court. He wants to appeal the denial of post-conviction relief. To
do so, however, he needs a certificate of appealability. 28 U.S.C.
§ 2253(c)(1)(A).

A judge can issue a certificate only if Mr. Plascencia's appellate
arguments are reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473,
484 (2000). We conclude that they aren't.

In the motion for post-conviction relief, Mr. Aguilar claimed that

- his trial attorney had been ineffective by failing to file a motion to suppress and by providing misleading advice on the potential sentence and

- the government had breached a plea agreement.

In a reply brief, Mr. Plascencia added claims involving a lack of probable cause, an unlawful search, and a failure to seek withdrawal of his guilty plea. The district court concluded that Mr. Aguilar had waived these claims by omitting them in the motion and waiting to add them in the reply brief.

In seeking to appeal, Mr. Aguilar raises only the arguments that he asserted for the first time in his reply brief. But he argues that he couldn't raise these arguments in the motion itself because the district court's form had instructed him not to "argue or cite law." Application for Cert. of Appealability at 11. But this instruction served only to excuse Mr. Aguilar from citing legal authority.[1] He still had to alert the district court to the argument that he was making. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court "will not . . . construct a legal theory on a plaintiff's behalf").

All parties, even those who are pro se, must comply with the "fundamental requirements of the Federal Rules of Civil and Appellate

---

[1]    Mr. Aguilar could have presented separate legal arguments in a memorandum, for the form stated: "Any legal arguments must be submitted in a separate memorandum." R. vol. 1, at 5. But Mr. Aguilar bypassed his chance to file a separate memorandum.

Procedure." *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). So a movant "waives an issue in the district court if he waits to raise the argument until his reply brief." *United States v. Lee Vang Lor*, 706 F.3d 1252, 1256 (10th Cir. 2013). We thus lack any arguable basis to question the district court's reliance on waiver.

* * *

We conclude that Mr. Aguilar's appellate arguments are not reasonably debatable. So we deny a certificate of appealability and order dismissal of this matter.

Entered for the Court


Robert E. Bacharach
Circuit Judge