**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SYLVESTER DAVIS,

     Plaintiff-Appellant,

v.

ARKANSAS VALLEY
CORRECTIONAL FACILITY;
MAJOR ARTLEY, Administrative
head; RICK GARCIA; CROWLEY
COUNTY CORRECTIONAL
FACILITY; STEVE HARGETT; LEA
MARTINEZ; GRACE NWEKE,

     Defendants-Appellees.

No. 02-1486
(D. Colorado)
(D.Ct. No. 01-M-237)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

Sylvester Davis, a state prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint[1] for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). Exercising jurisdiction under 28 U.S.C. § 1291, we agree Davis fails to state a claim and DISMISS his appeal as frivolous.

Davis was incarcerated at the Colorado Department of Corrections' Arkansas Valley Correctional Facility (AVCF) and later at its Crowley County Correctional Facility (Crowley). While incarcerated at AVCF, he ran into disciplinary problems. He alleges as follows. On August 16, 2000, he was typing a paper in the General Library. Officer J. Halpin requested to see the paper. Davis did not comply. Instead, he removed the paper from the typewriter and placed it in a pocket folder with other papers. Halpin confiscated the pocket

---

[1]    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. The operative pleading is Davis' "Final Amended Prisoner's Civil Rights Complaint." (R., Docket Entry 17.)

folder and also a manila envelope.[2]  In the pocket folder, he found the sheet of paper on which Davis had been typing.  It was legal work.  The law librarian examined the pocket folder and manila envelope and found a handwritten sheet of paper with another inmate's name on it.  At a hearing conducted on September 7, 2000, Davis was charged with disciplinary violations for disobeying a lawful order (found guilty) and possession of unauthorized legal documents (found not guilty).[3]  The following day, Davis sought return of the confiscated legal materials on the basis he was found not guilty of possession of unauthorized legal documents.  On September 13, Halpin informed Davis the seized papers were in the evidence locker in the Receiving/Discharge Department and he could contact that department concerning their retrieval.  On October 5, in response to a Step I grievance Davis filed, Officer Steve Hartley informed him legal materials were not permitted in the General Library, and as a result his confiscated paperwork was considered contraband and would be treated as such.  He further warned Davis that he had ten days to "mail the items out or have them destroyed."  (R. Docket Entry 75, Ex. B.)  On October 30, Officer Garcia, responding to a Step II

---

[2]Davis claims the confiscated papers were legal materials in aid of seeking post-conviction relief from his criminal conviction.  Although the record is unclear as to the particulars of the materials, Davis complains specifically about two items: (1) a statement from one Tina King, and (2) an IOU from him to his co-defendant.

[3]Davis was found not guilty of the possession charge because the paper with the other inmate's name on it was legal notes rather than legal documentation.  Davis was warned not to possess paperwork with another inmate's name on it.

-3-

grievance Davis filed, communicated essentially the same information: Davis' confiscated papers were subject to disposition as contraband because legal work was to be done in the Law Library and not in the General Library. Furthermore, the papers contained material concerning another inmate's case, which regulation prohibited. Davis did not elect to mail the items out of the facility or authorize their destruction. He claims Officers Hartley and Garcia authorized their destruction on October 30.[4] In response to a Step III grievance, again seeking return of his materials, Davis was informed on December 29 that he was required to pursue his claim through an appeal of the disciplinary action that led to the confiscation of his materials, not through the grievance process.

In February 2000, Davis was transferred to Crowley. According to his complaint, the medical staff at Crowley discontinued pain medication previously prescribed for him free of charge at AVCF.[5] He claims he was required to purchase the medication over-the-counter at the Crowley canteen at a cost he could not afford. He also complains that his $3.00 co-pay for medical visits should cover the cost of his pain medication.

---

[4]The record is unclear whether the papers were intentionally destroyed, negligently destroyed or merely misplaced. We will assume, without finding, that the papers were intentionally destroyed as contraband pursuant to prison regulation.

[5] The pain medication prescribed by AVCF was for treatment of an allergy-related sinus condition. The medical staff at Crowley prescribed Chlor-Trimeton and directed Davis to obtain pain medication from the canteen.

In his complaint, Davis alleges Hartley and Garcia violated his Fourteenth Amendment right to due process by confiscating and destroying his legal materials and by transferring him to Crowley in retaliation for challenging the confiscation. He also claims they violated the First Amendment by interfering with his right of access to the courts.[6] Additionally he alleges Steve Hargett, Warden of Crowley, violated his Eighth Amendment right to reasonable medical care. He seeks $100,000.00 in damages.

We review *de novo* the district court's dismissal of a complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim. *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999).

> "[A]ll well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[7] A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Id.* (quotations and citation omitted). Although we construe *pro se* pleadings

---

[6]Although Davis variously characterizes his claims against Hartley and Garcia as violations of the Fifth Amendment (destruction of legal property, deprivation of access to court, retaliatory transfer), Fourteenth Amendment (confiscation and destruction of legal materials), and First and Sixth Amendments (deprivation of access to court), we construe his deprivation of access to court claim to be an alleged violation of the First and Fourteenth Amendments, and all of his remaining allegations to be subsumed in his Fourteenth Amendment claim. *See Hudson v. Palmer,* 468 U.S. 517, 523 (1984) (right of access to courts grounded in First Amendment); *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 429-30 (1982) (due process clause protects right of access to courts).

[7]Exhibits attached to a pleading are considered a part thereof. FED. R. CIV. P. 10(c).

liberally, *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003), "[we] will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997). Nor are we "bound by conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbitt,* 14 F.3d 1457, 1465 (10th Cir. 1994).

As to Davis' claims against Hartley and Garcia, Davis has failed altogether to allege either of them was involved in the confiscation of his legal materials. Therefore, the confiscation portion of his claim fails. As to the destruction portion of his claim, he only alleges in conclusory fashion that either Hartley or Garcia was involved in the destruction of his materials. This is insufficient. The mere fact each may have signed a grievance response indicating the confiscated materials were subject to disposal as contraband hardly suffices to establish that either participated in or authorized the destruction of the materials. For this reason, the destruction portion of his claim fails. Even if Davis adequately alleged that Hartley and Garcia intentionally destroyed or authorized the destruction of his legal materials pursuant to prison regulation (*see* n.4), an act which concededly requires a pre-deprivation hearing in order to comply with due process, *Gillihan v. Shillinger,* 872 F.2d 935, 939-40 (10th Cir. 1989), we conclude the pre-deprivation due process accorded to Davis was sufficient. He

was informed through the grievance process he could preserve the confiscated materials by sending them out of the facility; otherwise, they would be destroyed. In failing to arrange to send the materials out of the facility, he acceded to their destruction. Furthermore, he was informed he must appeal the underlying disciplinary action in order to contest the confiscation. The record is devoid of any evidence he pursued an appeal.[8] Under these circumstances, due process is satisfied.

Davis' claim that Hartley and Garcia retaliated against him by transferring him to Crowley is, like the confiscation claim, devoid of specific factual allegations connecting either of them to his transfer. Consequently, Davis' retaliation claim fails as well. Finally, while Davis enjoys the fundamental right of access to the courts, *Lewis v. Casey,* 518 U.S. 343, 346 (1996), to state a claim for deprivation of this right he must demonstrate an actual injury that "hindered his efforts to pursue a legal claim." *Id.* at 351. He failed to demonstrate to the district court how the destruction of his legal materials hindered him in the petitioning for post-conviction relief.

Turning to Davis' claim against Hargett, while it is true that "[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate

---

[8]*See Logan,* 455 U.S. at 434 n.7 (due process not violated where claimant does not avail himself of hearing procedure).

violates the Eighth Amendment[,]" *Farmer v. Brennan,* 511 U.S. 825, 828 (1994) (quotation omitted), it is also true that "a supervisor is not liable under § 1983 for the actions of a subordinate unless an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation or his failure to supervise . . . ." *Grimsley v. MacKay,* 93 F.3d 676, 679 (10th Cir. 1996) (quotation omitted). Davis has failed to demonstrate this link. Copying Hargett with correspondence outlining his complaints about medical care, without more, does not sufficiently implicate the warden under § 1983.

We conclude Davis' appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and DISMISS it.[9] We also deny leave to appeal *in forma pauperis* and remind Davis of his obligation to pay in full the filing and docketing fees.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[9]Dismissal of Davis' appeal as frivolous counts as a strike against him. U.S.C. § 1915(g). Dismissal by the district court for failure to state a claim also counts as a strike. *Id.* Therefore, he accumulates two strikes as a result of this litigation. *See Jennings v. Natrona County Det. Ctr. Med. Facility,* 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").