FILED
United States Court of Appeals
Tenth Circuit

January 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID SILVER,

        Plaintiff-Appellant,

v.

DENNIS R. GLASS; WILLIAM J.
AVERY; DENNIS L. SCHOFF;
PATRICK S. PITTARD; ISAIAH
TIDWELL; DAVID A.
STONECIPHER; WILLIAM PORTER
PAYNE; ERIC G. JOHNSON; M.
LEANNE LACHMAN; WILLIAM H.
CUNNINGHAM; GEORGE W.
HENDERSON, III; MICHAEL F.
MEE; MARCIA J. AVEDON; J.
PATRICK BARRETT; JAMES S.
TURLEY,

        Defendants-Appellees.

No. 11-2153
(D.C. No. 1:11-CV-00256-BB-KBM)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**HOLMES**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

David Silver appeals pro se the district court's dismissal with prejudice of his Amended Complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**Allegations of Amended Complaint**

On April 1, 2011, Mr. Silver filed an Amended Complaint against fifteen individual defendants (collectively "Defendants"). He identified fourteen of the Defendants ("Lincoln Defendants") as officers and directors of Lincoln National Corporation ("Lincoln National"), and one defendant, James S. Turley, as an officer of Ernst & Young, Lincoln National's auditor. Relying on federal diversity jurisdiction, he sought to assert state-law claims for forgery, fraud, defamation, and intentional and negligent infliction of emotional distress, and his prayer for relief claimed damages in excess of $50 million.

Mr. Silver alleged that Lincoln National obtained a $24 million judgment against him in 1995 in federal district court in Illinois, then registered the judgment in 1997 in federal district court in New Mexico, where Mr. Silver resides, in order to collect on the judgment ("Collection Case"). Mr. Silver acknowledged that the New Mexico district court granted Lincoln National's motion to revive the judgment in October 2004, but he asserted that the court's

order reviving the judgment was not entered by the clerk of the court until June 2010.

Mr. Silver's claims against Defendants all rest on his allegation that a document related to the Collection Case was "forged." Aplees. J.A., Vol. I at 26. He stated that this document was dated November 14, 2007, and had the heading "Judgment Docket." *Id.* Mr. Silver's forgery theory is based upon the following assertions: (1) the November 14, 2007, "judgment" is obviously flawed because it failed to comply with various Federal Rules of Civil Procedure applicable to judgments, specifically Rules 54(b), 58, 77(d), 79(a), and 79(b), Aplees. J.A., Vol. 1 at 30-32; (2) representatives of the clerk's office told him in July and August of 2008 that no documents had ever been filed in the Collection Case, while it was docketed as case number 97mc3, *id.* at 29; (3) the clerk's office did not locate the November 14, 2007, judgment until June 2010, thus indicating it was not signed, dated, and numbered immediately after the court's October 2004 order, *id.*; and (4) an unidentified and unknown person or persons "appear[ed] to have whited out or otherwise erased absolutely all of the previously typed information in [a] used judgment document and typed in new information relevant to" the Collection Case, "thus creating a forged judgment document," *id.* at 26.

Mr. Silver alleged further that "[a] person or persons . . . took the forged judgment document and obtained date stamps and seals placed on the forged judgment document" from the clerks of several counties in New Mexico, "for the

sole purpose of fraudulently seizing the assets of Plaintiff." *Id.* at 26-27. According to the Amended Complaint, "[a] person or persons . . . then prepared Writs of Garnishment in April, 2008 which were sent to twenty-six financial institutions in Santa Fe, New Mexico for the sole purpose of fraudulently seizing assets of Plaintiff." *Id.* at 27. In addition, Mr. Silver alleged that sheriffs arrived at his doorstep and entered his office with fraudulent Writs of Execution.

Mr. Silver claimed that the unidentified person or persons who committed these acts "may have been known to and authorized by Defendants at the time." *Id.* at 26. He alleged further that Defendants certainly had knowledge of and approved of these actions after he "informed them of the forgery in the period May to August, 2008." *Id.* Mr. Silver indicated that, during that period, he sent Defendants numerous letters and other communications protesting their wrongful actions, as well as copies of the introduction to a book he was writing about their tortious activities. He also claimed that he forwarded to Defendants copies of the communications he received from the clerk's office about the lack of any filings in case number 97mc3, and he "put them on notice that the judgment document was never recorded with the Clerk of the Court," *id.* at 32. He did not otherwise describe in the Amended Complaint the content of the communications he sent to Defendants.

In sum, Mr. Silver alleged:

> Plaintiff believes and therefore avers that Lincoln's Chief Executive Officer, Defendant Dennis R. Glass and its then General Counsel, Defendant Dennis L. Schoff and its Board of Directors of the period May to August, 2008, and continuing thereafter to the present time []conspired and directed each of the actions alleged above and thereby caused the injury to Plaintiff.

*Id.* at 30. He also stated: "As a direct and proximate result of the falsification of Court documents and records, the Defendants permitted the improper seizure of Plaintiff's assets and the intentional and deliberate defamation of his name." *Id.* at 32.

## Motions to Dismiss and Motion to Amend

The Lincoln Defendants moved to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. In support of their motion, they asked the district court to take judicial notice of the district court's record in the Collection Case. Mr. Turley moved separately under Rule 12 to dismiss the Amended Complaint for lack of personal jurisdiction, failure to effect service of process, and failure to state a claim.

Before the district court ruled on the Rule 12 motions, Mr. Silver proceeded to file Second, Third, and Fourth Amended Complaints, without Defendants' consent or leave of court. He subsequently filed a motion for leave to amend. In his Fourth Amended Complaint, Mr. Silver sought to add William J. Arland as a defendant, as well as Mr. Arland's current and former law firms, Arland & Associates, LLC, and Rodey, Dickason, Sloan, Akin & Rose, P.A. Mr. Silver

identified Mr. Arland as Lincoln National's legal counsel in its litigation against

him. He alleged that these defendants fraudulently created both the October 2004

order reviving Lincoln National's judgment and the November 14, 2007,

judgment docket. Mr. Arland and Arland & Associates filed a motion to strike or

dismiss the Fourth Amended Complaint.

### District Court's Dismissal Order

In ruling on the motions to dismiss, the district court took judicial notice of

the court's record in the Collection Case, which remained pending. The court

noted that the Collection Case is currently docketed as case number

08mc0015-BB, but had previously been docketed as case number 97mc3. The

court observed that Mr. Silver had attacked the validity of the November 14,

2007, judgment docket in the Collection Case, but in that case the court had

rejected his contention and denied his motion to dismiss the writs.

Addressing Mr. Silver's new allegation in the Amended Complaint that the

November 14, 2007, "judgment" was a "forgery," the district court stated as

follows:

> Part of the difficulty in this case and in 08mc15 is caused by
> Silver's continuing refusal to distinguish between a "judgment,"
> which is a judicial order declaring the rights of a party and signed by
> the presiding judge, and a "Judgment Docket," which is simply an
> administrative transcript that registers a judgment issued by another
> federal court, thus making it enforceable in the registering district,
> and that is signed by an employee of the clerk's office. Federal rules
> that apply to a "judgment" do not apply to a "Judgment Docket."
> Procedurally, to obtain a Judgment Docket, the original judgment

creditor files a certified copy of the original foreign judgment with the clerk's office, along with a prepared Judgment Docket transcript showing that the judgment has been filed with the Court. A clerk's employee compares the proposed Judgment Docket to the certified original foreign judgment, signs it on behalf of the Clerk, and applies the Court's seal to the original. The clerk's office gives the original, signed Judgment Docket transcript with the Court's seal to the creditor that requests it. The Clerk's office then keeps the certified copy of the original foreign judgment bearing the seal of the district court that certified its authenticity and a copy of the signed Judgment Docket in the judgments file.

Aplees. J.A., Vol. II at 475 n.1 (record citation omitted). The court also reminded Mr. Silver that it had previously informed him, during a hearing in the Collection Case in 2008, that documents *had* been filed in case number 97mc3, contrary to the information Mr. Silver had received from the clerk's office. At this hearing, the court told Mr. Silver that it had before it a paper file including copies of Lincoln National's judgment, the October 2004 order reviving that judgment, and the November 14, 2007, judgment docket. The district court acknowledged, as it had previously in the Collection Case, that the November 14, 2007, judgment docket misstated the date of Lincoln National's judgment.

Turning back to the allegations of the Amended Complaint, the district court characterized them as sparse, noting that Mr. Silver asserted that unknown persons had forged a judgment docket; that he had informed Defendants of the forgery; and that Defendants therefore apparently approved of the forgery. The court concluded that Mr. Silver's factual allegations wholly failed to state a cognizable claim for relief against any of the Defendants. The district court next

-7-

addressed Mr. Silver's motion for leave to file a further amended complaint. The court concluded that his new allegations in the various amended complaints he had already filed without the court's permission failed to respond to the deficiencies identified in the Lincoln Defendants' motion to dismiss his Amended Complaint. Therefore, the court denied Mr. Silver's motion for leave to amend as futile. Finally, the court granted Mr. Turley's motion to dismiss the claims against him, holding that Mr. Silver failed to produce sufficient evidence to dispute Mr. Turley's affidavit, in order to establish personal jurisdiction and proper service. The district court entered final judgment dismissing Mr. Silver's claims with prejudice on July 8, 2011, and Mr. Silver filed a timely notice of appeal.

### Scope of Appeal and Standard of Review

We liberally construe Mr. Silver's pro se Amended Complaint, as well as his appellate brief. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). But pro se litigants must follow the same procedural rules applicable to other litigants. *Garrett*, 425 F.3d at 840. And this court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The district court's dismissal order disposed of two motions to dismiss Mr. Silver's Amended Complaint, as well as Mr. Silver's motion for leave to amend. Granting Mr. Silver's opening appeal brief a liberal construction, we find no mention of the district court's dismissal of his claims against Mr. Turley based on a lack of personal jurisdiction and failure to effect service. Nor does he challenge the district court's ruling that further amendment of his complaint would be futile. Mr. Silver has therefore forfeited consideration of these issues on appeal, *see Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007), and we will limit our discussion to his arguments of error in the district court's dismissal of his Amended Complaint against the Lincoln Defendants under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6) dismissal is reviewed de novo. [F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff. The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.

*Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations and quotation omitted). "[T]o withstand a motion to dismiss, a complaint must

contain enough allegations of fact to state a claim to relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted).

## Discussion

Mr. Silver alleged in his Amended Complaint that some unidentified person or persons forged a judgment document. He claimed that he informed Defendants of the forgery, but they failed to stop Lincoln National's collection activities against him. He concluded, therefore, that Defendants must have approved of the forgery and, consequently, that they are liable to him on claims of forgery, fraud, defamation, and intentional and negligent infliction of emotional distress.

The Lincoln Defendants contend that the district court properly dismissed Mr. Silver's Amended Complaint because it is not plausible that someone forged the November 14, 2007, judgment docket. They point out that a judgment docket is simply an administrative document that verifies the existence of a previous judgment, and they contend there is no conceivable reason why someone with a valid judgment would forge such a document when it is available from the district court upon request.

But the plausibility requirement does not ask whether the factual allegations in a complaint are "likely to be true." *Robbins*, 519 F.3d at 1247 (quotation omitted); *see also Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) ("This is not to say that the factual allegations must themselves be

plausible; after all, they are assumed to be true.  It is just to say that relief must follow from the facts alleged.").  "Rather, 'plausibility' . . . refer[s] to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible."  *Robbins*, 519 F.3d at 1247 (quotation omitted).  Thus, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.

Mr. Silver's Amended Complaint fails to state a plausible claim for relief against the Lincoln Defendants.  He sought to recover from Defendants for intentional torts, pleading alternatively that Defendants are liable because they "directed" the forgery of a judgment document, Aplees. J.A., Vol. I at 30, or that he is entitled to relief because Defendants "endorse[ed] . . . a forged judgment document" after the forgery was accomplished, *id.* at 33.  The parties agree that Mr. Silver's claims are governed by New Mexico law.  Under New Mexico law corporate officers and directors can be held liable when they commit intentional torts.  *See Kaveny v. MDA Enters., Inc.*, 120 P.3d 854, 858-59 (N.M. Ct. App. 2005); *see also Stinson v. Berry*, 943 P.2d 129, 133 (N.M. Ct. App. 1997) ("[I]f the officer or director directed, controlled, approved or ratified the activity that

led to the injury, he or she can be held personally liable.").[1]  Mr. Silver's

"direction" and "endorsement" allegations are conclusory and are therefore "not

entitled to be assumed true," *Iqbal*, 129 S. Ct. at 1951.  In order to avoid

dismissal, Mr. Silver was required to plead sufficient facts to plausibly suggest an

entitlement to relief.  *See id.* at 1950 ("While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations.").

The Amended Complaint contains no well-pleaded factual allegations

supporting Mr. Silver's initial claim that Defendants directed the alleged forgery.

And his factual allegations in support of his endorsement theory do not plausibly

suggest unlawful conduct by the Lincoln Defendants.  Mr. Silver's contention is

that Defendants' failure to stop the collection activities, after he notified them of

the forgery, was tortious.  But aside from numerous general assertions that he

informed Defendants that a judgment document had been forged, the Amended

Complaint says little about what evidence of a forgery Mr. Silver presented to

Defendants.  He alleged that he sent to Defendants copies of communications he

had received from the clerk's office, indicating that no documents had been filed

---

[1]     Mr. Silver also sought to hold Defendants liable for negligent infliction of
emotional distress, but that claim is narrowly construed under New Mexico law,
and is "limited to situations in which a bystander . . . suffers severe emotional
shock as a result of witnessing a sudden, traumatic event that causes serious
injury or death to a family member." *Castillo v. City of Las Vegas*, 195 P.3d 870,
876 (N.M. Ct. App. 2008) (quotation and brackets omitted).  Mr. Silver's
allegations do not support a claim for bystander recovery.

-12-

in case number 97mc3, and he claimed that he "put them on notice that the judgment document was never recorded with the Clerk of the Court," Aplees. J.A., Vol. I at 32. Thus, Mr. Silver's allegation of Defendants' endorsement of a forgery boils down to their inaction in response to his assertion that the November 14, 2007, judgment docket was never filed in the Collection Case. But the district court records establish that this assertion was not accurate.

A plausible claim for relief requires "more than a sheer possibility" of unlawful conduct by the defendant. *Iqbal*, 129 S. Ct. at 1949. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotations omitted). Thus, while the Lincoln Defendants' inaction in response to Mr. Silver's claim of a forgery is consistent with his contention that they endorsed it, the more likely explanation–in light of the meager evidence of forgery that he provided to them according to the allegations of his Amended Complaint–is that they considered his claim to be unfounded. Therefore, the well-pleaded allegations of the Amended Complaint do not plausibly suggest that the Lincoln Defendants approved of the use of a forged judgment document in the collection proceedings against Mr. Silver. *See id.* at 1950-51 (explaining that allegations consistent with unlawful conduct, but more likely explained by lawful conduct, fail to suggest a plausible claim for relief). Stated differently, Mr. Silver's factual allegations do not permit a court to draw the reasonable

-13-

inference that the Lincoln Defendants are liable for the misconduct he alleged. *See id.* at 1949. Thus, the district court did not err in dismissing Mr. Silver's Amended Complaint for failure to state a claim upon which relief can be granted.

**Conclusion**

Mr. Silver filed this action against Defendants after unsuccessfully challenging the validity of the November 14, 2007, judgment docket in the Collection Case. Defendants have identified the allegations in his Amended Complaint as harassing. As Mr. Silver is undoubtedly aware, federal courts have tools to deal with vexatious litigation. *See* Fed. R. Civ. P. 11(b)-(c); 28 U.S.C. § 1927. We caution Mr. Silver to carefully consider the merits of any future litigation he chooses to file.

The judgment of the district court is AFFIRMED. Mr. Silver's filing titled "Record on Appeal," which we construe as a motion to add Rodey, Dickason, Sloan, Akin & Robb, P.A., as an appellee in this matter, is DENIED.

Entered for the Court

Jerome A. Holmes
Circuit Judge