FILED
United States Court of Appeals
Tenth Circuit

November 30, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MYOUN L. SAWYER,

          Plaintiff-Appellant,

v.

CHRISTOPHER BURKE,
Superintendent, Larned State Hospital,
AUSTIN DESLAURIERS, S.P.T.P.
Clinical Director, THOMAS KINLEN,
Supervising Psychologist, NICOLE
TICE, Psychologist II,

          Defendants-Appellees.

No. 12-3228

(D. of Kan.)

(D.C. No. 5:12-CV-03012-SAC)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Myoun Sawyer, a sex offender civilly committed to the Larned State

Hospital in Kansas, appeals the district court's dismissal of his civil rights action.

Sawyer sought redress for the hospital's seizure of a clock radio and stereo that

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

had been shipped to him at the hospital.  He claims the seizure violated a number of his constitutional rights.  The district court granted Sawyer leave to proceed *in forma pauperis* and then *sua sponte* dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), concluding that the complaint failed to state a claim upon which relief could be granted.  Sawyer now challenges this ruling on appeal.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court.

## I.  Background

The facts underlying Sawyer's original complaint concern an order of hygiene products, food, and electronic equipment shipped to Sawyer's address at the Larned State Hospital.  At the time the shipment was received, Sawyer was classified as having Security Level Zero, a security level that accords patients fewer privileges at Larned.  Pursuant to hospital policy, because Sawyer was at this more restrictive security level, he did not receive the following items: a television, a DVD player, an MP3 stereo, an alarm clock, and a black video cable.  These items were returned to the company that had shipped them in the first place.

Sawyer contests the hospital's decision to deny him two items from the shipment: the alarm-clock radio and the stereo.  Sawyer cites to a portion of the resident handbook for Larned that permits a resident at Security Level Zero to possess a radio, CD player, or tape player.

Relying on the handbook, Sawyer alleges the return of these two items violated hospital policy and therefore his constitutional rights. Specifically, Sawyer alleges these decisions by the hospital violated his right to procedural due process under the Fifth and Fourteenth Amendments. He also alleges the decisions were motivated by racial animus and therefore violate his right to equal protection under the Fourteenth Amendment.

We address the basis for dismissing each of these claims in turn.

## II. Analysis

In a case proceeding *in forma pauperis*, § 1915(e)(2)(B)(ii) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief can be granted." This language parallels that of Federal Rule of Civil Procedure 12(b)(6). We have traditionally applied a *de novo* standard of review to dismissals made under Rule 12(b)(6). And we apply the same standard in the context of a dismissal under § 1915(e)(2)(B)(ii). *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must

construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *See Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). At the same time, to survive a motion to dismiss "the plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (alterations and internal quotations omitted). Finally, as is the case here, we must liberally construe the allegations in a *pro se* complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

All of the allegations from Sawyer's complaint fail because they do not state claims upon which relief can be granted. As an initial matter, we note that Sawyer appears to have misinterpreted the scope of the Fifth Amendment. He has only alleged constitutional violations committed by agents of the State of Kansas, not the federal government. Therefore, the Due Process Clause of the Fifth Amendment is not implicated. At the same time, his Fifth Amendment procedural due process claim alleges the same facts and violations as his Fourteenth Amendment due process claim, and we therefore construe both claims to be one in the same.

Nonetheless, Sawyer's procedural due process claim under the Fourteenth Amendment also fails. On this claim, "the Due Process Clause is simply not

implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Yet the record reflects that the return of the clock radio and stereo to the manufacturer was at most a negligent oversight by the hospital. Further, contrary to the conclusory allegations made by Sawyer, there is no evidence that the return of these items was motivated by malice, a claim over which we might have jurisdiction.

Sawyer's equal protection claim also fails. On this claim, Sawyer "must plead and prove that the defendant[s] acted with discriminatory purpose." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Washington v. Davis*, 426 U.S. 229, 240 (1976)) (other citation omitted). Yet Sawyer has offered nothing more than the unsubstantiated assertion that because he is African American, the decision to withhold the clock radio and stereo was motivated by racial animus. To the contrary, the record reflects that the decision to deny Sawyer these items was motivated by a hospital policy on the different items permitted for patients with different security levels. Sawyer points to no evidence to support his allegation that the policy has been selectively enforced against him. In sum, the district court properly dismissed the equal protection claim.

# III. Conclusion

Based on the foregoing analysis, we affirm the district court.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge