**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 13, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

NANCY J. MARTINEZ,

    Plaintiff - Appellant,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant - Appellee.

No. 21-1352
(D.C. No. 1:20-CV-00659-DDD-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Nancy J. Martinez appeals the district court's order granting Allstate Insurance

Company's motion for judgment on the pleadings under Federal Rule of Civil

Procedure 12(c).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**[1]

Ms. Martinez has been disabled since 1999.  On January 22, 2014, she sustained serious injuries when she was hit by a car while crossing the street on her electric scooter.  The police ticketed the driver for driving without insurance.

Ms. Martinez filed a claim under her insurance policy with Allstate, which included uninsured and underinsured motorist (UM) coverage for bodily injuries.  On July 24, 2014, Allstate's representative, Alicia Reyes, told Ms. Martinez that Allstate was denying her claim because she was not in an automobile when the accident occurred.  She did not hear from Allstate again.  Despite multiple requests, Allstate has not given Ms. Martinez her files on the accident.  Ms. Martinez believes that her former Allstate agent, Paul Novak, whom she accuses of fraud,[2] may have destroyed her files.  She also believes that her own attorneys may have conspired with Allstate to deny her benefits, but she cannot prove this allegation without having access to her files.

---

[1] We recite the facts as alleged in Ms. Martinez's amended complaint, which is the operative complaint.

[2] Ms. Martinez alleges that in January 2011 Mr. Novak took advantage of her disabilities and gave her misleading information to convince her to waive coverage for certain medical payments and reduce her UM coverage from $250,000 to $50,000.  She also alleges that Mr. Novak falsely reported that her accident was a hit-and-run with no injuries.

Ms. Martinez received settlement funds from American Family Insurance, the driver's insurer. The check, which she never cashed, was dated October 23, 2017.

On October 18, 2019, Ms. Martinez filed a complaint in state court, which she amended on December 23. Ms. Martinez did not articulate her claims clearly or consistently. Allstate construed them broadly to include (1) breach of contract; (2) common law bad faith; (3) statutory bad faith under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116; (4) negligence; (5) fraud; (6) civil conspiracy; and (7) breach of fiduciary duty. The magistrate and district judges followed suit.

Allstate removed the case to federal court and ultimately filed a Rule 12(c) motion for judgment on the pleadings. A magistrate judge recommended granting the motion because Ms. Martinez did not file the breach-of-contract, bad faith, and fraud claims within the applicable limitations periods, and she failed to state a claim for fraud, negligence, civil conspiracy, and breach of fiduciary duty. After considering Ms. Martinez's objections, the district court adopted the magistrate judge's report and recommendation, granted the motion, and entered judgment in favor of Allstate. Ms. Martinez filed this timely appeal.

## DISCUSSION

We review a Rule 12(c) dismissal "under the standard of review applicable to a [Fed. R. Civ. P.] 12(b)(6) motion to dismiss." *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1285 (10th Cir. 2011) (internal quotation marks omitted). Our review is "de novo, accepting factual allegations as true and considering them in the light most favorable to the plaintiff." *Id.* at 1286. Our role is "to assess whether the plaintiff's complaint alone

3

is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotation marks omitted) (articulating the Rule 12(b)(6) standard).

We construe Ms. Martinez's claims liberally because she is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, we make some allowances for deficiencies such as unfamiliarity with pleading requirements, failure to cite proper legal authority, and confusion of legal theories. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we "cannot take on the responsibility of serving as [her] attorney in constructing arguments and searching the record." *Id.*; *see also Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) ("[W]e will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."). Further, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840 (internal quotation marks omitted).

In her appellate briefs, Ms. Martinez describes her accident and her current disabilities. She asserts that both the magistrate judge and Allstate's district-court counsel committed fraud, suggests changes for the court's docket,[3] and expresses her

---

[3] In her opening brief, Ms. Martinez asks the court to fix what she perceives to be docketing errors relating to dates and related cases. We have confirmed that the dates listed on the docket are correct. As for related cases, Ms. Martinez seems to be asking the court to add her state-court cases to the list of "prior" and "current" cases. But since this section of the docket is meant to reflect prior and current *Tenth Circuit* cases, we decline her request.

frustration with this court's employees and the access restrictions imposed due to the Covid-19 pandemic. And she takes issue with the admission procedure for attorneys appearing before this court. As far as the substance of her claims, she makes only a few conclusory statements that her filing was timely and that Allstate committed fraud. She does not challenge the district court's reasoning, nor does she include a single legal citation except to identify the state statutes underlying her claims.

Even construed liberally, Ms. Martinez's briefs do not contain any legal argument as to why the district court erred in granting Allstate's Rule 12(c) motion. "[P]erfunctory" allegations of error that "fail[] to frame and develop an issue" are insufficient "to invoke appellate review." *Kelley v. City of Albuquerque*, 542 F.3d 802, 819 (10th Cir. 2008) (internal quotation marks omitted). It is insufficient to state on appeal that the district court erred, without advancing "reasoned argument as to the grounds for the appeal." *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 n.6 (10th Cir. 2008) (internal quotation marks omitted); *see also United States v. Banks*, 451 F.3d 721, 728 (10th Cir. 2006) (refusing to consider an argument for which no supporting legal authority was provided); Fed. R. App. P. 28(a)(8)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]"). Issues that are not adequately briefed are deemed waived. *See Garrett*, 425 F.3d at 841.

## CONCLUSION

We affirm the judgment of the district court, grant Ms. Martinez's motion to file a modified reply brief, and deny all other pending motions.

Entered for the Court


Joel M. Carson III
Circuit Judge